NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERICK TUCTO-SANCHEZ, AKA Erixson
Tucto-Sanchez,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No.    17-73325

Agency No. A206-678-117

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026**
Pasadena, California

Before: PAEZ, CALLAHAN, and BUMATAY, Circuit Judges.

Erick Tucto-Sanchez ("Tucto-Sanchez"), a citizen of Peru, petitions for

review of the denial of his applications for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. Our review is limited to the Board of Immigration Appeals' ("BIA") decision except to the extent that the immigration judge's ("IJ") opinion was expressly adopted by the BIA. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review factual findings for substantial evidence and questions of law de novo. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We deny the petition.

1. ***Membership in a Particular Social Group ("PSG").*** The five statutorily protected grounds for asylum and withholding of removal claims are race, religion, nationality, membership in a PSG, and political opinion. 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A). Tucto-Sanchez's claims are based on membership in a PSG, but he failed to establish that he was or will be persecuted on account of his membership in a cognizable PSG. *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 (9th Cir. 2023).

Before the IJ, Tucto-Sanchez argued that he was a member of the PSG consisting of "individual[s] who refuse[] to pay extortion fees to a criminal organization." The IJ determined that this PSG was not cognizable. The BIA concluded that Tucto-Sanchez did not "meaningfully challenge[] that determination on appeal" and thus did "not disturb it." In its answering brief before us, the government properly raised Tucto-Sanchez's failure to exhaust this issue, and because Tucto-Sanchez failed to exhaust any challenge to the IJ's

2

determination, we may not review it. *See Suate-Orellana v. Garland,* 101 F.4th 624, 629 (9th Cir. 2024). Further, the BIA did not err in declining to consider the cognizability of an additional proposed PSG, consisting of "a family that has been and will be persecuted for refusing to pay extortion fees to a criminal organization," because Tucto-Sanchez did not raise it before the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam).

2.    ***Withholding of Removal.***  For purposes of our disposition, we assume the BIA erred in determining that Tucto-Sanchez failed to challenge the denial of his withholding of removal claim on appeal. Any such error, however, was harmless, as Tucto-Sanchez's failure to establish a cognizable PSG is dispositive of his withholding of removal claim. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021).

3.    ***CAT.***  The IJ denied Tucto-Sanchez's CAT claim, and Tucto-Sanchez did not challenge this determination in his brief before the BIA. Because the government properly raised his failure to exhaust this claim and Tucto-Sanchez failed to exhaust it, we may not review it. *See Suate-Orellana,* 101 F.4th at 629.

4.    ***Motion for a Continuance.***  Considering the *Cui* factors, the IJ did not abuse her discretion in denying Tucto-Sanchez's motion for a continuance. *See Cui v. Mukasey*, 538 F.3d 1289, 1292 (9th Cir. 2008). The first factor weighs strongly against Tucto-Sanchez. Tucto-Sanchez's contention that statements from

3

his family members would "further highlight" his claim is insufficient to establish the "importance of the excluded [evidence]." *See id.* at 1293. Turning to the second factor, the IJ appears to have determined that Tucto-Sanchez acted unreasonably by not submitting a late-filed declaration, but it is unclear if this action was caused by Tucto-Sanchez or solely his counsel. There is no evidence in the record that the granting of Tucto-Sanchez's motion would have resulted in significant inconvenience to the IJ, though Tucto-Sanchez received at least two prior continuances in this case. *See id.* at 1295.

Taken together, Tucto-Sanchez's failure to make any showing of the first factor demonstrates that he did not establish that his "request for delay" was "justifiable." *See Baires v. INS*, 856 F.2d 89, 91 (9th Cir. 1988).

**PETITION DENIED.**[1]

---

[1] Tucto-Sanchez's motion to stay removal, Dkt. 1-3, is denied. The temporary stay of removal shall remain in place until the mandate issues.